IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| Atheius C. Dixon,<br>Plaintiff, | )<br>)<br>) | |
| v. | )<br>) | 1:11cv138 (GBL/TRJ) |
| Sheriff's Office, et al.,<br>Defendants. | )<br>)<br>) | |

MEMORANDUM OPINION AND ORDER

Atheius C. Dixon, a Virginia inmate proceeding pro se, has filed a complaint captioned as a "Writ of Mandatory Injunction," which the Court construes as a civil rights action, pursuant to 42 U.S.C. § 1983, seeking an order prohibiting his transfer from his present place of incarceration. Incorporated within the complaint is a request to proceed in forma pauperis in this action. After reviewing plaintiff's complaint, the claim against defendants must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.[1]

---

[1] Section 1915A provides:

(a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
 (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or
 (2) seeks monetary relief from a defendant who is immune from such relief.

**I.**

Plaintiff alleges that he is "bound to certain legal obligations" and "attached to other criminal allegations." As a result, plaintiff believes that if he is removed from his current place of incarceration, the Newport News City Jail, he will "be deprived of the legal opportunities set forth in the Constitution." Apparently, other inmates are assisting plaintiff with his legal matters, and plaintiff fears that his right to due process will be compromised should he be transferred to another institution. Plaintiff therefore requests that the Court issue an order "to halt all transfers and sanctions until the plaintiff has concluded and exhausted all of his legal proceedings." Compl. at 1.

**II.**

In reviewing a complaint pursuant to § 1915A, a court must dismiss a prisoner complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1). Whether a complaint states a claim upon which relief can be granted is determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Sumner v. Tucker, 9 F. Supp. 2d 641, 642 (E.D. Va. 1998). Thus, the alleged facts are presumed true, and the complaint should be dismissed only when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ----, ----, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." Id. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to meet this standard, id., and a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level...". Twombly, 550 U.S. at 55. Moreover, a court "is not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 129 S. Ct. at 1949-1950.

### III.

Plaintiff fails to state a claim for which he can receive relief under § 1983. Plaintiff has no enforceable right to be housed or not to be housed at any particular correctional facility. A prisoner has no constitutional right to select a particular correctional facility for his placement or to be transferred or not to be transferred to a different facility upon request. Olim v. Wakinekona, 461 U.S. 238 (1983); Meachum v. Fano, 427 U.S. 215 (1976). A prisoner has no due process interest in his placement at a particular prison, nor does the Constitution "guarantee that the convicted prisoner will be placed in any particular prison." Meachum, 427 U.S. at 223-25; see also, Moody v. Daggett, 429 U.S. 78, 88 n. 9 (1976). Since the sole relief plaintiff seeks in this lawsuit is an order directing institutional authorities concerning his potential transfer, he fails to state a claim for which federal relief can be granted.

Accordingly, it is hereby

ORDERED that this action be and is DISMISSED WITH PREJUDICE for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1); and it is further

ORDERED that plaintiff is advised that, pursuant to 28 U.S.C. § 1915(g),[2] this dismissal

---

[2] 28 U.S.C. § 1915(g) provides:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action

may affect his ability to proceed in forma pauperis in future civil actions; and it is further

ORDERED that the Clerk record this dismissal for purposes of the Prison Litigation Reform Act; and it is further

ORDERED that plaintiff's request to proceed in forma pauperis be and is DENIED AS MOOT.

To appeal, plaintiff must file a written notice of appeal with the Clerk's Office within thirty (30) days of the date of this Order. See Fed. R. App. P. 4(a). A written notice of appeal is a short statement stating a desire to appeal this Order and noting the date of the Order plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the court.

The Clerk is directed to send of copy of this Order to plaintiff and to close this civil case.

Entered this 30th day of April 2012.

Alexandria, Virginia

/s/
Gerald Bruce Lee
United States District Judge

---

or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

4